**M.J. FURMAN, Plaintiff–Appellant,**

v.

**S. Robson WALTON; et al., Defendants–Appellees.**

**No. 07–16124.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2009.

Filed March 26, 2009.

Stephen Radin, Weil, Gotshal and Manges, LLP, New York, NY, Edward R. Reines, Esquire, Weil Gotshal & Mangers LLP, Redwood Shores, CA, E. Norman Veasey, Esquire, Weil Gotshal & Manges LLP, Wilmington, DE, for Defendants–Appellees.

Before: FARRIS, NOONAN and BERZON, Circuit Judges.

## MEMORANDUM *

Martha Furman appeals the district court's dismissal of her shareholder derivative suit for failure to meet the pleading requirements of Fed.R.Civ.P. 23.1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1332. We affirm.

▮ We assess the Rule 23.1 motion according to the law of Delaware, the state in which Wal–Mart is incorporated. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 990 (9th Cir.1999). In challenging the Wal–Mart board's refusal of her demand, Furman made only conclusory allegations unsupported by any "allegations of specific fact...." *Levine v. Smith*, 591 A.2d 194, 207 (Del.1991), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 (Del.2000). The board presented several "rational business purpose[s]" for refusing to act on Furman's demand. *Levine*, 591 A.2d at 207. Those stated reasons justify protection from suit under the business judgment rule. *See id.*

Richard D. Greenfield, Esquire, Greenfield & Goodman LLC, New York, NY, Mark Cotton Molumphy, Esquire, Cotchett Pitre & McCarthy, Burlingame, CA, Tina B. Nieves, Esquire, Gancedo & Nieves, Pasadena, CA, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err by dismissing Furman's complaint without leave to amend. The board asserted that bringing suit as per Furman's demand might have constituted a harmful admission in litigation pending against Wal–Mart. Furman cannot refute this compelling business purpose. Her complaint "could not be saved by any amendment." *Silicon Graphics,* 183 F.3d at 991 (quoting *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991)). Because amendment would be futile, the district court did not need to explain why it denied leave to amend. *See Roth v. Marquez,* 942 F.2d 617, 628 (9th Cir.1991).

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

I disagree with the majority's conclusion that any attempt by Furman to amend her complaint would be futile. At oral argument, Furman's counsel stated that, if provided the opportunity, Furman would amend her complaint by adding claims and particularized facts related to the board's failure to seek compensation from its directors for damages resulting from employee lawsuits that have been settled or otherwise resolved. Such assertions would cast doubt on the reasonableness of the board's primary justification for denying Furman's demand request—i.e., that commencing a public action against the directors could adversely impact pending litigation—and might be sufficient to overcome the business judgment rule. I would therefore hold that the district court erred when it dismissed Furman's complaint without leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de*

*novo* review that the complaint could not be saved by amendment.").